# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2014

Lyle W. Cayce
Clerk

NEAL P. GOULAS,

Plaintiff - Appellant

v.

LAGRECA SERVICES, INCORPORATED, doing business as LaGreca Transportation; CHARLES P. LAGRECA, JR., individually and on behalf of said entities as owner,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Lousiana
USDC No. 2:12-CV-898

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Neal P. Goulas brought this suit charging his former employer, defendant-appellees LaGreca Services, Inc. (d/b/a LaGreca Transportation) and Charles P. LaGreca, Jr., with underpaying him in violation of the Fair Labor Standards Act's ("FLSA") overtime pay requirements. *See* 29 U.S.C. § 207(a)(1). On summary judgment, the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court held that the FLSA's two-year, rather than three-year, statute of limitations applied because Goulas had not presented evidence sufficient to create a factual dispute as to whether there was a "willful violation" of the FLSA. *See id*. § 255(a). Then, after a bench trial, the district court held that there was no FLSA violation at all because Goulas was paid all of the overtime compensation that was due to him. Goulas appeals both determinations.

As for the statute-of-limitations issue, we agree with the district court that Goulas failed to present evidence creating a factual dispute regarding whether there was a "willful violation" of the FLSA. Goulas presented evidence that he was paid $10 per hour for forty hours of work and $30 per hour for additional hours of work each week and he contended that such pay constitutes the sort of "split-day" pay plan forbidden by the FLSA under 29 C.F.R. § 778.501 and *Walling v. Helmerich & Payne*, 323 U.S. 37 (1944). The district court determined correctly that Goulas's evidence did not show such an impermissible "split-day" pay plan.

After the bench trial, the district court found that Goulas was paid "an hourly rate for hours up to 40 and a triple-time hourly rate for hours above 40," and the district court "[saw] no reason to doubt the honesty of that scheme." The district court further found that, based on such rate, Goulas was paid all of the overtime compensation that was due. Goulas has shown no error, neither legal nor factual, with the district court's judgment.[1]

The district court is AFFIRMED.

---

[1] Goulas also contends that the district court erred in failing to determine whether he was exempt from the FLSA's overtime pay requirement because he was a "bona fide executive" at the company. 29 U.SC. § 213(a)(1). Because the district court determined that Goulas was paid all of the overtime pay that was due, there was no need to also determine whether Goulas was exempt from the overtime pay entitlement to begin with. The district court did not err.